```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

LYNDA GARRITY                           *

       Plaintiff,               *

vs.                                     *
                                       CASE NO. 4:06-CV-11 (CDL)
LASCO BATHWARE, INC.,                   *
a Delaware corporation,
                               *

       Defendant.
                               *

## O R D E R

Presently pending before the Court is Defendant's Motion for Partial Dismissal (Doc. 6) of Plaintiff's gender based hostile work environment claim. Defendant claims that Plaintiff failed to timely file her Equal Employment Opportunity Commission ("EEOC") charge within 180 days of the alleged harassment. Since Plaintiff has alleged harassment within 180 days prior to filing her EEOC charge and since alleged harassment outside the 180 day period may be considered in determining whether Plaintiff has stated a claim upon which relief may be granted, the Court, construing the Complaint in favor of Plaintiff, finds that Plaintiff does state a claim for hostile work environment. Therefore, Defendant's motion to dismiss that claim is denied.

## DISCUSSION

**I.  Motion to Dismiss Standard**

Defendant has moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). "[A] complaint should not be dismissed for

failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). Therefore, under Rule 12(b)(6), the court should dismiss the complaint only "[i]f upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citation omitted).

## II.  180 Day Filing Requirement

Under Title VII, a party must file a charge of discrimination with the EEOC before filing a claim in court. 42 U.S.C. § 2000e-5(e)(1). This charge must be filed within 180 days of the alleged discriminatory conduct. In this case, Plaintiff filed her EEOC charge on April 15, 2005. Therefore, the 180 day period would extend back to mid-October 2004.

In her Complaint and EEOC charge, Plaintiff alleges that she was harassed because of her gender from her first day of work in February 2002. She then alleges that her supervisor "subsequently made other degrading and demeaning statements to [her]" (Compl. ¶ 12) and that he "continued to make sexually harassing and degrading remarks" after he was demoted and no longer directly supervised Plaintiff (Compl.

2

¶ 14). Plaintiff then alleges that in November 2004, this same former supervisor approached her in a company meeting from behind, gave her a hug, and told other employees that he wanted to buy Plaintiff a present. (Compl. ¶ 19.) Plaintiff also alleges that in January 2005 she was told that there were "rumors in the company that she was involved in an adulterous affair with another employee." (Compl. ¶ 21.) Additionally, although Plaintiff's Complaint does not allege specific instances of harassment between February 2002 and November 2004, her attached EEOC charge does. For example, Plaintiff claims that the supervisor in question would call her while he was using the restroom. (Compl. Ex. A.) Plaintiff also claims that while on a business trip, he accused Plaintiff, another employee, and a customer of watching pornographic movies together. (*Id.*) Plaintiff further claims that he told another employee to ignore Plaintiff because "she is drunk." (*Id.*)

Defendant claims that Plaintiff has failed to state a claim because she did not file an EEOC charge within 180 days of "the alleged unlawful employment practice occurr[ing]." 42 U.S.C. § 2000e-5(e)(1). Since Plaintiff did not file an EEOC charge until April 15, 2005, Defendant argues only those acts which occurred within the 180 days before April 15 can be considered in determining whether Plaintiff has stated a claim for hostile work environment. Defendant contends that Plaintiff has not stated a claim because she has only alleged one incident within the 180 day period—that her

3

former supervisor hugged her from behind during a meeting and told other employees that he wanted to buy her a present—and that incident is not in itself sufficient to state a claim for a hostile work environment.

Defendant's argument fails to recognize the nature of a hostile work environment claim. These claims are different because "[t]heir very nature involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). "The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.* (citations omitted). There can be gaps in time with regard to acts contributing to the hostile work environment, "and it does not matter whether nothing occurred within the intervening . . . days so long as each act is part of the whole." *Id.* at 118. Therefore, if a plaintiff files an EEOC charge for a hostile work environment within 180 days of *an act* contributing to the hostile work environment, that satisfies the statutory requirement and the Court can consider all of the acts that cumulate in creating the hostile work environment—even those outside of the 180 day window. *Id.* at 117.

Plaintiff claims that the continuous harassing conduct over a two year period created a hostile work environment. Since the Court looks at the alleged acts constituting a hostile work environment as

4

a whole, and since Plaintiff filed her EEOC complaint within 180 days of an act which she claims contributed to the hostile work environment, Plaintiff has satisfied the statutory filing requirement. In light of *Morgan*, Plaintiff's allegations of a hostile work environment are sufficient to withstand a motion to dismiss.[1]

## CONCLUSION

Defendant's Motion for Partial Dismissal (Doc. 6) is denied.

IT IS SO ORDERED, this 22nd day of September, 2006.

<pre>
                                     S/Clay D. Land
                                        CLAY D. LAND
                                 UNITED STATES DISTRICT JUDGE
</pre>

---

[1] This ruling should not be construed to suggest that the Court finds that Plaintiff has alleged harassment that is sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment. This issue is best addressed on a motion for summary judgment.